UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| RUSSELL D. GARRETT, Chapter 7 Trustee for the bankruptcy estate of Robert and Stephanie Taylor, <br><br> Plaintiff, <br><br> v. <br><br> MORGAN ROTHSCHILD f/k/a MORGAN HENNING, HALEY HENNING, and JOHN DOES 1-10, <br><br> Defendants. | CASE NO. C18-5863 BHS <br><br> ORDER GRANTING PLAINTIFF'S MOTION TO AMEND COMPLAINT |

This matter comes before the Court on Plaintiff Russell Garrett, Chapter 7 Trustee for the bankruptcy estate of Robert and Stephanie Taylor's ("Trustee") motion for leave to amend complaint. Dkt. 21. The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file and hereby grants the motion for the reasons stated herein.

# I.   PROCEDURAL HISTORY

Robert Sean Taylor ("Sean Taylor") and Stephanie Taylor ("the Taylors") commenced this action on September 17, 2018 in the Superior Court of the State of Washington for Clark County. Dkt. 1-1. The Taylors alleged four causes of action against Defendants Morgan Rothschild f/k/a Morgan Henning ("Rothschild") the owner of Party Princess International ("Party Princess"), his former spouse Haley Henning ("Henning"), and John Does 1-10 based on alleged wrongdoing in the sale of a Party Princess franchise to the Taylors. Dkt. 1-1. On October 25, 2018, Rothschild removed the case to this Court. Dkt. 1. On January 7, 2019, the parties stipulated to renote Rothschild's motion to dismiss or compel arbitration which had been stayed. Dkts. 9, 10. On February 24, 2019, the Court granted a motion to substitute the Trustee into the action as Plaintiff in place of the Taylors. Dkt. 19. On March 18, 2019, the Trustee moved for leave to amend the complaint to add FranNet Global, LLC ("FranNet") as a defendant. Dkt. 21 at 1. On April 1, 2019, Rothschild responded. Dkt. 22. On May 2, 2019, the Court issued an order denying Rothschild's motion to dismiss or to compel arbitration without prejudice. Dkt. 25.

# II.   FACTUAL BACKGROUND

Sean Taylor purchased a Party Princess franchise from Rothschild in December 2015 after being referred by a franchise broker. Dkt. 1-1, ¶¶ 15, 21. The franchise relationship soured in 2017, when Sean Taylor filed a complaint about Party Princess with the Washington State Department of Financial Industries and Party Princess had

1  responded by filing an arbitration claim "seeking to terminate Taylor's franchise." *Id.* ¶

2  25.[1]

3  ## III.  DISCUSSION

4  The Trustee seeks to amend the complaint to add FranNet as a defendant and add

5  claims against FranNet for negligent misrepresentation and breach of Washington's

6  Consumer Protection Act. Dkt. 21 at 1.

7  **A.      Fed. R. Civ. P. 15 Standard**

8  The deadline in this case for amended pleadings was March 3, 2019. Dkt. 20. The

9  Trustee filed the instant motion to for leave to amend the complaint prior to the deadline,

10  on March 18, 2018. Dkt. 21. Therefore, the Trustee need not show good cause under Fed.

11  R. Civ. P. 16(b)(4), and the Court must consider only whether the amendment shows or

12  would create "(1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4)

13  futility of amendment, and (5) whether plaintiff has previously amended his complaint"

14  under Fed. R. Civ. P. 15. *Allen v. City of Beverly Hills*, 911 F.3d 367, 373 (9th Cir 1990).

15  Rothschild "takes no position respecting whether Plaintiff may add [FranNet] as a

16  Defendant." Dkt. 22 at 1. He asks the Court not to resolve the motion to amend before

17  resolving his motion to dismiss, Dkt. 7, because the motion to dismiss could be

18  dispositive as to claims against him. *Id.* at 1–2. However, the Court takes up the instant

19  motion to amend after it denied Rothschild's motion to dismiss on May 2, 2019. Dkt. 25.

20  The motion to amend did not impact the Court's decision.

21

22  [1] Additional factual background is set out in the Court's May 2, 2019 Order. Dkt. 25.

1    Applying Rothschild's arguments to his newly-filed motion to compel arbitration
2    or change venue, Dkt. 27, the Court finds no reason to deny the motion to amend, Dkt.
3    21. Rothschild argues that a motion to amend should be denied if "if it is a strategic
4    attempt to avoid an adverse ruling on a dispositive motion." *Id*. at 3 (citing *Hutchinson v.*
5    *Lausell*, 672 F. Supp. 43, 46 (D.P.R. 1987)). However, the prior-filed motion to amend,
6    Dkt. 21, cannot be construed as an attempt to avoid an adverse ruling on the newly-filed
7    motion to compel arbitration or change venue, Dkt. 27. Moreover, a motion to compel
8    arbitration or change venue is not necessarily a dispositive motion. *Compare TV*
9    *Commc'ns Network, Inc. v. Turner Network Television, Inc.*, 964 F.2d 1022, 1028 (10th
10   Cir. 1992) (denying leave to amend because amendment would be futile) *with MediVas,*
11   *LLC v. Marubeni Corp.*, 741 F.3d 4, 9 (9th Cir. 2014) (explaining the Ninth Circuit's
12   preference for staying rather than dismissing actions pending arbitration). Finally, the
13   Trustee argues that the new claims are not against Rothschild, Dkt. 21 at 3, and
14   Rothschild agrees that adding claims against FranNet does not alter the bases for
15   dismissal he raised in his earlier motion, Dkt. 22 at 4 (citing Dkt. 7). Therefore, the Court
16   will not deny the Trustee's motion to amend as an attempt to avoid an adverse ruling on a
17   dispositive motion.

18      While Rothschild also suggests that the Trustee delayed in filing the instant
19   motion, stating in his description of the facts that it was filed "two months after the
20   noting date for the motion to dismiss," he does not argue that the delay was undue under
21   Fed. R. Civ. P. 15. Dkt. 22 at 2. The Trustee explains that after spending "several months
22   evaluating the case and familiarizing himself with the facts" he determined that the

1  Taylors' bankruptcy estate included the asset of viable claims against FranNet. Dkt. 21 at

2  3. Finding no undue delay, bad faith, or futility of amendment, and finding the motion

3  constitutes the first time the Taylors or the Trustee have amended the complaint, the

4  Court grants the motion to amend.

5                                    **IV.  ORDER**

6         Therefore, it is hereby **ORDERED** that the Trustee's motion for leave to amend

7  the complaint, Dkt. 21, is **GRANTED**.

8         Dated this 23rd day of May, 2019.

9

10

11                                    BENJAMIN H. SETTLE
                                     United States District Judge

12

13

14

15

16

17

18

19

20

21

22